WALLING, Adm'r of Wage and Hour Division, U. S. Dept. of Labor, v. SMITH WOOD–PRODUCTS, Inc.

Civil Action No. 2670.

District Court, D. Oregon.

July 27, 1945.

Dorothy M. Williams, of San Francisco, Cal., and Karl M. Rodman, of Portland, Or., for plaintiff.

---

Charles A. Hart, of Portland, Or. (Hart, Spencer, McCulloch & Rockwood, of Portland, Or.), for defendant.

McCOLLOCH, District Judge.

From the outbreak of the war until now, the Wage and Hour Administrator refrained from raising the Travel Time issue in the lumber industry, because of the abnormal conditions created by the war. I stated at the trial that the same reasons made me hesitate to employ the injunctive power to unsettle a situation which, up until now, it had been thought best to leave undisturbed, until war time restrictions were removed.

Now it appears that whatever is done, particularly if a decision favoring travel time is rendered, will have to be submitted to the War Labor Board, acting through the West Coast Lumber Commission, to determine the effect of the decision on the Government's wage stabilization policy and other war time policies. What the Commission might feel was true travel time, it is indicated, the Commission will allow, what it might feel was not true travel time, it will disallow.

I think the Courts are entitled to have some administrative exploration of this difficult field, before being called on to decide a test case, which everyone seems to feel will have enormous consequences throughout the industry. The Wage and Hour Administrator is the moving party here. He is acting in his statutory capacity as representative of the public, and it entirely accords with modern practise to ask him to have the important practical questions here involved, of effect on other national policies, studied with care by the government agencies to whom such questions have been committed by the war time statutes and regulations. In short, I suggest that the effect of Travel Time on the national government's wage policy and allied policies be considered before I pass on the purely legal question raised, instead of afterward. It is not uncommon for courts to stay their hands until pertinent administrative investigations are completed and determinations made.[1] Indeed, we are enjoined not to act until administrative remedies have been exhausted.[2]

Aside from all other considerations, I feel the personal need of thorough administrative exploration of the field. What will be the effect on wage stabilization, the effect on labor supply, the effect on price control (only lately undertaken in this field by the Office of Price Administration), and perhaps equal in importance to all else, what will be the effect on needed production of logs and lumber and lumber products in this new crisis of the war?

The lumber industry does not present the simple problem of passage from entrance to entrance of a mine.[3] The distances to forest and mill, and the means of getting there, are as varied as the wide range of topography and climate in the five western states involved.

The injunction will be denied and the complaint dismissed, both without prejudice.[4]

---

[1] Ispass v. Pyramid Motor Freight Corp., D.C., 54 F.Supp. 565, an opinion rendered by my scholarly colleague, Judge James Alger Fee, while sitting in the Southern District of New York.

See also Perkins v. Endicott Johnson Corp., 2 Cir., 128 F.2d 208, 217, 225, note 69; Guiseppi v. Walling, 2 Cir., 144 F.2d 608, note 49, 155 A.L.R. 761.

[2] 42 Am.Jur., Public Administrative Law, § 197.

[3] Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123, 321 U.S. 590, 64 S.Ct. 698, 88 L.Ed. 949, 152 A.L.R. 1014; Jewel Ridge Coal Corp. v. Local No. 6167, 65 S.Ct. 1063.

[4] The citations in notes 1, 2 and 3 have been "looked up" since the memorandum opinion was filed. Many District Judges are not provided with law clerks and do not have the time when they decide a case to search for the book and page of authority, which they know to exist.